IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GEORGE MEARS**                                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:17-CV-6-KS-MTP**

**LANCE FAGAN JONES,** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a property insurance case arising from the alleged failure to procure sufficient coverage. Plaintiff filed two Motions to Strike [37, 39, 44] certain defenses asserted by Defendants. For the reasons below, the Court **denies** the motions.

### I. STANDARD OF REVIEW

A plaintiff seeking to challenge the legal sufficiency of a defense may move to strike it under Rule 12(f). *C&C Inv. Props., LLC v. Trustmark Nat'l Bank*, 838 F.3d 655, 660-61 (5th Cir. 2016). The rule provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). "A disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). Likewise, "when there is no showing of prejudicial harm to the moving party, courts are generally not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we

think should, defer action on the motion and leave the sufficiency of the allegations for a determination on the merits." *Id.*

## **II. MOTION TO STRIKE CONSTITUTIONAL DEFENSES [37]**

First, Plaintiff argues that the Court should strike Defendants' challenge to the constitutionality of Mississippi's punitive damages statute. For the following reasons, the motion should be denied.

First, the motion was untimely. Rule 12(f) unambiguously provides that a motion to strike a defense from a pleading to which no response is permitted must be filed within twenty-one days of service of the pleading. FED. R. CIV. P. 12(f). Defendants filed their Answer [7] on February 7, 2017, but Plaintiff did not file the Motion to Strike [37] until April 6, 2017 – almost two months later. This is sufficient reason to deny the motion. *See Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011); *United States ex rel. TVA v. An Easement & Right-Of-Way Over 3.28 Acres of Land*, No. 1:15-CV-19-GHD-DAS, 2017 U.S. Dist. LEXIS 33623, at *6 (N.D. Miss. Mar. 6, 2017).

Second, Plaintiff has not demonstrated that he would be prejudiced by leaving the sufficiency of the defense for a later determination, and without such a showing, the Court "should . . . defer action on the motion and leave the sufficiency of the allegations for a determination on the merits." *Augustus*, 306 F.2d at 868; *see also Conn*, 823 F. Supp. 2d at 446-47. Therefore, the Court can always address this issue later in the case, if it becomes necessary to do so.

For these reasons, the Court **denies** Plaintiff's Motion to Strike [37] Defendants' constitutional defense to Plaintiff's claim for punitive damages, without prejudice to

Plaintiff's right to assert the same argument later, if a punitive damages instruction is given and Defendants raise this defense.

### III. MOTION TO STRIKE DEFENSES [39, 44]

Next, Plaintiff argues that the Court should strike Defendants' second, fourth, fifth, and sixth defenses on the grounds that they are immaterial, vague, and indefinite. For the same reasons provided above, the Court finds that the motion is untimely, and, therefore, it should be denied. *See* FED. R. CIV. P. 12(f); *Conn*, 823 F. Supp. 2d at 446; *TVA*, 2017 U.S. Dist. LEXIS 33623 at *6.

### IV. CONCLUSION

For these reasons, the Court **denies** Plaintiff's Motions to Strike [37, 39, 44]. Additionally, this Court has repeatedly warned litigants against a using "shotgun approach to pleadings," in which one "heedlessly throws a little bit of everything into his [pleading] in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986).[1] In fact, the Court recently sanctioned an attorney for vexatiously multiplying proceedings with shotgun pleading and argumentation. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 U.S.

---

[1] *See, e.g. Newberry v. Champion*, No. 3:16-CV-143-DMP-RP, 2017 U.S. Dist. LEXIS 38729, at *4-*5 (S.D. Miss. Mar. 17, 2017); *Copeland v. Axio Mortg. Group LLC*, No. 1:16-CV-159-HSO-JCG, 2016 U.S. Dist. LEXIS 106249, at *10-*14 (S.D. Miss. Aug. 11, 2016); *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *14-*16; *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052, at *5 n. 3 (S.D. Miss. Feb. 21, 2014); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *5 n. 1 (S.D. Miss. Sept. 25, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 24420, at *27 (S.D. Miss. Feb. 27, 2012).

Dist. LEXIS 42118, at *9-*15 (S.D. Miss. Mar. 31, 2015), *aff'd* 2017 U.S. App. LEXIS 4495 (5th Cir. Mar. 14, 2017).

The Eleventh Circuit astutely described the problems that "shotgun pleading" causes:

> If the trial judge does not quickly demand repleader, all is lost – extended and aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happens frequently. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (punctuation, internal citations omitted). The Fifth Circuit has observed that "shotgun pleading" of this sort treads dangerously close to Rule 11 territory. *McMullan*, 801 F.2d at 788 ("If Rule 11 is to mean anything and we think it does, it must mean an end to such expeditionary pleadings."); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014) (decrying shotgun pleading and the "discovery goat rodeo" that inevitably follows it).

If the answers typically filed in this Court are any indication, virtually every defendant in Mississippi litigation believes they have numerous meritorious defenses, such as "laches," "accord and satisfaction," or "unclean hands," without any reference to the facts of the case. Defendants' Answer [7] is not, by any means, the worst the Court has seen. Nevertheless, it contains some boilerplate filler, as noted by Plaintiff

4

in briefing. "Shotgun" pleading clouds the legal and factual issues in a case. At best, it indicates an attorney's failure to fully analyze the case and adopt a coherent defense or theory of liability. At worst, it constitutes intentional obfuscation. Regardless of the attorney's motivation, it escalates the cost of litigation for both the parties and the Court, expanding the scope of discovery to pinpoint the specific issues for trial – a task that Rule 11 requires attorneys to perform, to some degree, before they file a pleading. *See* FED. R. CIV. P. 11(b)(2). These principles apply to defendants as stringently as they apply to plaintiffs. *See, e.g. Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint."). The Court advises Defendants' counsel to be mindful of this admonition in the future.

SO ORDERED AND ADJUDGED this __25th__ day of April, 2017.

                                                         s/Keith Starrett
                                               UNITED STATES DISTRICT JUDGE