# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GEORGE MEARS**                                                                         **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:17-CV-6-KS-MTP**

**LANCE FAGAN JONES**                                                **DEFENDANT**

## ORDER

For the reasons provided below, the Court **grants in part and denies in part** Plaintiff's Motion to Exclude [169] the testimony of Defendant's expert, Van Hedges; Defendant's Motion to Strike [173] the testimony of Plaintiff's expert, James Simpson; and Defendant's Motion to Strike [175] the testimony of Plaintiff's expert, Michael Manes. The Court also **denies** Plaintiff's Motion to Strike [215] the affidavit of Van Hedges **as moot**.

This Court and the Court of Appeals have explained the background of this case. *See Mears v. Jones*, 2017 WL 8786925, at *1 (S.D. Miss. Nov. 30, 2017); *Mears v. Jones*, 756 F. App'x 404, 406-08 (5th Cir. 2018). One claim remains: Plaintiff's negligence claim against Defendant Lance Jones. Plaintiff alleges that Jones was negligent in procuring insurance for him, and in advising him as to what insurance was available. Both parties designated experts to provide opinion testimony regarding insurance industry standards and whether Defendant's actions complied with those standards, and both parties seek the exclusion of the other party's experts.

"The ability of a district court to evaluate expert testimony *sua sponte* and

exclude such testimony where appropriate has been recognized by several courts." *Brenord v. Catholic Med. Ctr.*, 133 F. Supp. 2d 179, 188 n. 4 (E.D.N.Y. 2001) (citing *Kirstein v. Parks Corp.*, 159 F.3d 1065, 1076 (7th Cir. 1998)); *see also Miller v. Baker Implement Co.*, 439 F.3d 407, 413 (8th Cir. 2006); *Accident Ins. Co. v. Classic Bldg. Design, LLC*, 2012 WL 3913090, at *14 (S.D. Miss. Sept. 7, 2012). Therefore, the Court must address a problem with all three experts' testimony that was not adequately addressed by the parties' motions.

"Expert testimony must be relevant, not simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003); *see also* FED. R. EVID, 702(a). Therefore, "an expert may never render conclusions of law," *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009), or opinions on legal issues. *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999). Likewise, it is the Court's job – not an expert witness's – to instruct the jury as to the applicable law. *See, e.g. Brown v. Nat'l R.R. Passenger Corp.*, 2011 WL 1130545, at *7 (S.D. Miss. Mar. 28, 2011); *Marlow v. BellSouth Telecomms., Inc.*, 2013 WL 1752384, at *6 (S.D. Miss. Apr. 23, 2013); *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011). Moreover, although "[a]n opinion is not objectionable just because it embraces an ultimate issue" in the case, FED. R. EVID. 704(a), an expert witness is not permitted to "tell the jury what result to reach . . . ." *Matthews v. Ashland Chem.,*

2

*Inc.*, 770 F.2d 1303, 1311 (5th Cir 1985).

In summary, the jury's job is to determine the facts, and to apply the law that the Court provides them to those facts. The purpose of expert testimony is to assist the jury in determining facts. Therefore, the Court *sua sponte* provides the following general limitation on all the experts' testimony: no expert may provide legal opinions or instruct the jury as to the applicable law, and no expert may directly tell the jury what result to reach in this case. Although parties are free to offer expert testimony as to the customs or standards in an industry or profession, *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 219 (5th Cir. 1975), no expert will be permitted to provide legal opinions or instructions of law masquerading as testimony about insurance industry practices or customs.

The Court understands that this can be a difficult line to walk. However, some opinions are unquestionably outside the scope of permissible expert testimony. For example, an expert witness may not instruct the jury as to the duties Mississippi law imposes on the parties. Likewise, an expert witness may not express an opinion as to whether particular actions or omissions constituted negligence. An expert may, however, explain how insurance markets work. An expert may also explain industry standards and express an opinion as to whether particular actions or inactions complied with those standards.

The Court declines to sift through the experts' reports line-by-line and separate the admissible opinions from the inadmissible ones. But it appears to the Court that

3

the primary purpose of all three experts – Hedges, Manes, and Simpson – is to simply tell the jury that Defendant was or was not negligent and provide ostensible reasons in support of that opinion, often couched in terms of Mississippi law. The Court will not permit that. If the parties need further clarification on this issue, they are free to raise the issue at trial, but the Court suspects that the attorneys of record know where the line is and can adequately prepare their witnesses.

That being said, both parties asserted multiple arguments as to why the other party's expert(s) should be barred from testifying at trial. However, the Court's ruling here obviates the need to address most of those arguments because much of what each party finds objectionable about the opposing expert(s) is inadmissible anyway, for the reasons provided above.

Therefore, the Court **grants in part and denies in part** Plaintiff's Motion to Exclude [169] the testimony of Defendant's expert, Van Hedges; Defendant's Motion to Strike [173] the testimony of Plaintiff's expert, James Simpson; and Defendant's Motion to Strike [175] the testimony of Plaintiff's expert, Michael Manes. The Court grants all three motions as provided above: no expert may provide legal opinions or instruct the jury as to the applicable law, and no expert may directly tell the jury what result to reach in this case. The Court presently denies the motions in all other respects.

If there are any other issues that needs to be addressed – such as qualification to provide expert testimony regarding insurance industry standards, for example –

4

the parties are free to raise them at trial outside the presence of the jury. The experts' reports are full of so many inadmissible legal opinions and instructions, it would be an inefficient use of the Court's time to separate the good from the bad and then determine whether the parties' other arguments have any bearing on what's left. The attorneys should talk to their experts, get the testimony cleaned up as provided by this order, and then raise any lingering issues at trial.

SO ORDERED AND ADJUDGED this 31st day of July, 2019.

                                              /s/    Keith Starrett
                                                         KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE