# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GEORGE MEARS**                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:17-CV-6-KS-MTP**

**LANCE FAGAN JONES**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This Court and the Court of Appeals have explained the background of this case. *See Mears v. Jones*, 2017 WL 8786925, at *1 (S.D. Miss. Nov. 30, 2017); *Mears v. Jones*, 756 F. App'x 404, 406-08 (5th Cir. 2018). Defendant filed four Motions in Limine [234, 236, 238, 240], and they are ripe for review.

### A. *Plaintiff's Remaining Claims*

Before the Court addresses Defendant's motions, it must clarify the nature of Plaintiff's remaining claims and the applicable measure of damages, and it must determine the applicability of Mississippi's valued policy statute.

First, the Fifth Circuit described Plaintiff's negligence claim against Defendant: "Mears alleged that Jones was negligent in advising him on what insurance he could and should purchase and in finding insurance for him." *Mears*, 756 F. App'x at 408. Later in its opinion, the Court of Appeals provided more detail:

> Although Mears's initial complaint alleged several potential acts of negligence on the part of Jones, Mears focuses his appeal on Jones's failure to advise him as to other available insurance options. Mears argues that Mississippi law imposed on Jones a duty to advise him of available insurance. According to Mears, Jones breached this duty by

advising him that no other insurer would insure his house past $200,000 . . . , when in fact other insurers would do so.

*Id.* at 409. Therefore, Plaintiff claims that Defendant negligently advised him as to what insurance he could and should purchase. *See, e.g.* Jeffrey Jackson, MISSISSIPPI INSURANCE LAW & PRACTICE § 5:12 (2019) (describing "bad advice" claims against insurance agents); *Mladineo v. Schmidt*, 52 So. 3d 1154, 1163 (Miss. 2010) (holding that an insurance agent must exercise reasonable care if he offers advice to an insured).

Next, the Court of Appeals remanded Plaintiff's negligent misrepresentation claim. *Mears*, 756 F. App'x at 412. The Court described the claim: "Mears also argues that Jones is liable for negligent misrepresentation for his alleged statement that only MRPIUA would insure the property." *Id.* at 410. Therefore, Plaintiff claims that Defendant negligently misrepresented that Plaintiff could only obtain coverage from MRPIUA.[1]

## B. *Plaintiff's Measure of Damages*

As for damages, the Mississippi Supreme Court has endorsed the following measure of damages in negligence actions against insurance agents:

> As to the measure of liability of an insurance agent . . . for his failure to procure insurance, where a loss is suffered by the intending insured, the courts have generally held that the damages should be equal to the amount that would have been due under the policy, provided it had been obtained. . . . If the policy procured is defective because of the terms and

---

[1] In a previous Order [245], the Court stated that one claim remains in this case: Plaintiff's negligence claim against Defendant arising from his procurement of insurance and his advice as to what insurance was available. The Court's language was imprecise and contrary to the Fifth Circuit's ruling. There are two negligence-based claims left, as provided above.

coverage provided therein, the measure of damages has been held to be the amount for which the insurer would have been liable had proper insurance been effected.

*Simpson v. M-P Enterprises, Inc.*, 252 So. 2d 202, 207 (Miss. 1971). Therefore, the measure of damages for Plaintiff's negligence claims is the amount that would have been due if Defendant had obtained the proper policy.

## C. *The Valued Policy Statute*

Finally, the parties disagree as to the effect of Mississippi's "Valued Policy Law" in this case. The statute provides:

> When buildings and structures are insured against loss by fire and, situated within this state, are totally destroyed by fire, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and the measure of damages shall be the amount for which the buildings and structures were insured.

MISS. CODE ANN. § 83-13-5. Plaintiff contends that this statute requires that he be paid the full policy limit of any policy in effect at the time of the loss, regardless of any other terms of the policy or the progress of the construction project.

Defendant argues that the legislature could not have intended for an insured to recover policy limits for a partially constructed home. He points to Arkansas's valued policy statute, ARK. CODE ANN. § 23-88-101, and Arkansas case law providing that an insured is not entitled to policy limits when the premium rate varies as construction progresses. *St. Paul Fire & Marine Ins. Co. v. Griffin Const. Co.*, 993 S.W.2d 485, 489 (Ark. 1999). Defendant also notes similar decisions in other states.

However, Defendant has not cited any Mississippi case law to support his

3

argument that the valued policy statute does not apply to builder's risk policies. The statue neither excludes builder's risk policies from its scope, nor provides that the measure of damages in such cases shall be based upon the premium collected by the insurer. Rather, it specifically provides that if a building or structure is totally destroyed by fire, the measure of damages is the full amount for which the building or structure was insured. MISS. CODE ANN. § 83-13-5. Accordingly, the Mississippi Supreme Court has acknowledged the potential for fraud and/or inequitable results, yet still held that it was "constrained by the language of the statute," and that builder's risk policies are, in fact, "governed by our valued policy law . . . ." *Am. Cent. Ins. Co. v. Antram*, 38 So. 626, 628 (Miss. 1905).

Defendant notes that the purposes of the valued policy law are "to prohibit the writing by insurance companies of excessive fire insurance coverage on property, to require that losses are calculated on the same basis that premiums are received, and to promote reasonable diligence on the part of insurers who issue fire insurance on property in this state." *Foremost Ins. Co. v. Lowery*, 617 F. Supp. 521, 524 (S.D. Miss. 1985). But legislative intent is irrelevant in the face of an unambiguous statute, and the valued policy law clearly states that the measure of damages in cases where a building or structure is totally destroyed by fire "shall be the amount for which the buildings and structures were insured." MISS. CODE ANN. § 83-13-5. Moreover, Defendant has not demonstrated that the policy provided for loss calculations on the same basis by which Defendant determined its premiums. While the policy may limit

4

valuation of a loss to the actual loss incurred, Defendant has not demonstrated that it charged premiums on a similarly progressive basis, commensurate with the actual risk at any given time.

For these reasons, the Court finds that the valued policy statute applies to builder's risk policies as it does in any other case where a building or structure is totally destroyed by fire.

### D. *Motion in Limine No. 1 [234]*

In his first Motion in Limine [234], Defendant argues that the Court should limit the scope of Plaintiff's damages to the amount Plaintiff would have received under the policy Defendant allegedly should have procured. Specifically, Defendant contends 1) that the Court should limit Plaintiff's damages to the amount that would have been paid under a Lexington builder's risk policy with a coverage limit of $400,000.00, and 2) that said policy would limit Plaintiff's recovery to the "actual cash value" of the additional amount for which Plaintiff was underinsured. Alternatively, Defendant argues that Plaintiff's potential recovery under the $400,000.00 Lexington policy should be determined by the cost of construction, as opposed to actual cash value.

First, as provided above, the measure of damages for Plaintiff's negligence claims is the amount that would have been due if Defendant had obtained the proper policy, *i.e.* if Defendant had exercised reasonable care in advising Plaintiff in light of their interactions/communications. The Court declines to address whether Plaintiff

is limited to what would have been due under the $400,000.00 Lexington policy, as opposed to a policy with higher limits. What Plaintiff wanted and requested, whether he sought Defendant's advice, whether Defendant gave advice, and the extent to which Plaintiff relied upon Defendant's alleged advice are questions of fact. In this respect, Defendant's motion in limine is functionally an untimely motion for summary judgment. *See Kock Foods, Inc. v. Pate Dawson Co., Inc.*, 2018 WL 651371, at \*2 (S.D. Miss. Jan. 31, 2018); *Dallas v. Premier Vehicle Transport, Inc.*, 2017 WL 3623750, at \*3 (S.D. Miss. Aug. 23, 2017); *United States v. Dan Properties, Inc.*, 2016 WL 7227929, at \*2 (S.D. Miss. Dec. 13, 2016).2

As for the valuation of Plaintiff's loss, it appears to be undisputed that the structure was totally destroyed by fire. Therefore, Mississippi's valued policy law applies, and "the measure of damages shall be the amount for which the buildings and structures were insured." MISS. CODE ANN. § 83-13-5; *Antram*, 38 So. at 628. For these reasons, the Court **denies** Defendant's first Motion in Limine [234].

### E.  *Motion in Limine No. 2 [236]*

Defendant filed a Motion in Limine [236] to exclude any evidence or argument concerning the cost of reconstruction of Plaintiff's house. Defendant argues that such evidence is irrelevant, and that its probative value is outweighed by its unfairly

---

2 Defendant also contends that Plaintiff first asserted this theory of damages in response to Defendant's motions in limine, and that allowing him to proceed on this theory would constitute "trial by ambush." Defendant did not provide any citation to the record to support this argument, but it is noteworthy that one of Defendant's motions in limine addresses this exact issue. *See* Motion in Limine No. 3, *Mears v. Jones*, No. 1:17-CV-6-KS-MTP (S.D. Miss. July 15, 2019), ECF No. 238. Defendant was apparently not caught by surprise.

prejudicial nature. In response, Plaintiff argues that he is entitled to consequential damages arising from his negligent misrepresentation claim, which includes the cost to rebuild his home.

Plaintiff has not demonstrated how the cost to rebuild his home is a consequential damage flowing from Defendant's alleged misrepresentation regarding the availability of other insurance. Defendant's alleged misrepresentations did not cause the fire. Rather, Plaintiff alleges that Defendant's misrepresentation caused him to receive less insurance proceeds than he would have under a policy with higher limits. The measure of damages articulated by the Court above – the amount that Plaintiff would have received under the proper policy – sufficiently covers those alleged losses. The cost to reconstruct the house is irrelevant to this calculation. The Court **grants** Defendant's second Motion in Limine [236].

## F. *Motion in Limine No. 3 [238]*

Next, Defendant filed a Motion in Limine [238] to exclude any evidence or argument concerning the availability of insurance with policy limits greater than $400,000.00. Defendant contends that all the evidence demonstrates that Plaintiff only wanted $400,000.00 in insurance, and that he had no duty to advise Plaintiff regarding his coverage needs.

First, as noted above, what Plaintiff wanted and requested, whether he sought Defendant's advice, whether Defendant provided advice, and the extent to which Plaintiff relied upon Defendant's alleged advice are questions of fact. In this respect,

7

Defendant's motion in limine is functionally an untimely motion for summary judgment, and the Court declines to address it. *See Koch Foods*, 2018 WL 651371 at *2; *Dallas*, 2017 WL 3623750 at *3; *Dan Properties*, 2016 WL 7227929 at *2.

As for Defendant's duty, he is correct that an insurance agent "is under no affirmative duty to advise buyers regarding their coverage needs . . . ." *Emerald Coast Finest Produce Co., Inc. v. Alterra Am. Ins. Co.*, 864 F.3d 394, 399 (5th Cir. 2017) (citing *Mladineo*, 52 So. 3d at 1163). But "if agents do offer advice to insureds, they have a duty to exercise reasonable care in doing so." *Mladineo*, 52 So. 3d at 1163. Again, the Court declines to address a functional motion for summary judgment at this stage of the case. For these reasons, the Court **denies** Defendant's third Motion in Limine [238].

### G. *Motion in Limine No. 4 [240]*

Finally, Defendant filed a Motion in Limine [240] to exclude any evidence and/or argument concerning Mississippi's valued policy law, including its interpretation and application. The Court **denies** this motion **as moot**, in that the Court has already addressed the proper scope of the parties' expert testimony. In its Order [245] of July 31, 2019, the Court held that no expert would be allowed to provide legal opinions or instruct the jury as to the applicable law. Moreover, the Court provided a ruling above concerning the application of Mississippi's valued policy law in this case.

### H. *Conclusion*

8

For the reasons provided herein, the Court **denies** Defendant's first Motion in Limine [234], **grants** Defendant's second Motion in Limine [236], **denies** Defendant's third Motion in Limine [238], and **denies as moot** Defendant's fourth Motion in Limine [240].

SO ORDERED AND ADJUDGED this 27th day of August, 2019.

                                          /s/    Keith Starrett
                                                      KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE